IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:07-cr-016(1)  RP |
| | § | |
| TRINI LOPEZ ESPINOZA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This case is before the Court on remand for a determination of whether Defendant's failure to timely appeal the Court's May 2, 2016 order was due to excusable neglect or good cause.

### I.     BACKGROUND

On May 2, 2016, the Court denied Defendant's motion for a reduction in sentence.[1] The deadline for filing an appeal of the Court's denial was May 16, 2016. Defendant's *pro se* notice of appeal was dated May 20, 2016, and received by the Court on June 9, 2016, after his deadline to appeal had expired.

On September 23, 2016 the Court of Appeals entered an order stating that, pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, the district court may grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. The Court of Appeals also indicated that it typically treats the filing of an untimely notice of appeal within the thirty-day period in a criminal case as a motion for a determination of whether the defendant is

---

[1] Defendant asserts in his notice of appeal that he did not intend for his letter, addressed to the "Federal Public Defender's Office" in Waco, Texas, to be a motion for reduction in sentence, but was seeking to inquire if he was eligible for a sentence reduction. (Dkt. 311). The letter was addressed to the District Court in Waco, Texas, which does not have a Federal Public Defender's Office.

1

entitled to an extension of time to appeal. Thus, it remanded the case to this Court to make a determination of whether the untimely filing was due to excusable neglect or good cause.

On appeal, Defendant Trini Lopez Espinoza was appointed counsel. After remand, Mr. Espinoza's counsel filed a motion requesting the Court find that the notice of appeal was not timely filed due to either excusable neglect or good cause (Dkt. 322). The motion was filed in response to an order of this Court, dated September 26, 2016, requesting that Mr. Espinoza explain why the notice of appeal was not timely filed.

The Court will now consider whether Mr. Espinoza's appeal was untimely filed due to excusable neglect or good cause.

## II.   STANDARD OF REVIEW

Federal Rule of Appellate Procedure 4(b) provides that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the order being appealed." Fed. R. App. R. 4(b)(1)(A)(i). However, it also provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

## III.   DISCUSSION

The Court denied Mr. Espinoza's motion for a reduction in sentence on May 2, 2016. (Dkt. 308). The order denying Mr. Espinoza's motion was mailed to him at an address in Marion, Illinois. (Dkt. 312). On June 20, 2016, this order was returned to the Court as undeliverable. (*Id.*).

In Mr. Espinoza's notice of appeal, dated May 30, 2016 and docketed June 9, 2016, Mr. Espinoza requested that the Court "please take notice of my actual address as the decision did not reach me until now and this makes timely appeal difficult." (Not. of Appeal at 4, Dkt. 311). He then provided his correct mailing address, an address in Marion, Ohio. (*Id.*). The Ohio address Mr.

Espinoza provided is the same address that was listed on his motion for a reduction in sentence. (*Id.*). Thus, the Court mailed the order Mr. Espinoza now seeks to appeal to the incorrect address, and he did not receive notice that an order was entered in his case.[2]

Because Mr. Espinoza did not receive notice of the entry of an order in his case from the Court, the Court concludes that there was good cause for his failure to timely appeal. Therefore, pursuant to Rule 4(b), the Court elects to extend Mr. Espinoza's deadline to appeal by thirty days, making his notice of appeal due on or before June 15, 2016. Under the extended deadline, Mr. Espinoza's notice of appeal was timely when docketed on June 9, 2016.

## IV.    CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's Motion for Finding of Excusable Neglect (Dkt. 322) and concludes that there was good cause for Defendant's untimely appeal.

Further, the Court **DIRECTS** the clerk's office to change Defendant's address on the docket for this case to:

P.O. Box 57 M.C.I.
Marion, Ohio 43301

The Court also **DIRECTS** the Clerk's Office to mail Docket Entries 308 and 320 to Defendant, at the revised address, in addition to this Order.

**SIGNED** on October 31, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] Further, because Mr. Espinoza intended his letter to go to a Federal Public Defender's Office, rather than be treated as a motion for reduction in sentencing, *see supra* note 1, he had no reason to check for the entry of an order in his case.